**REVERSE IN PART; MODIFY IN PART; AFFIRM IN PART; Opinion**
**Filed March 18, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00258-CV**

**THE ESTATE OF LEAH RITA TILLOTSON, DECEASED**

**On Appeal from the County Court at Law No. 2**
**Hunt County, Texas**
**Trial Court Cause No. 18359**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Thomas Tillotson, surviving spouse of decedent, appeals from the trial court's turnover order requiring Thomas to turn over to the administratrix certain designated amounts and values. Thomas argues the trial court erred by ordering him to turn over what he alleges is his sole management community property to the administratrix in the absence of an application for partition of community property by Thomas. We reverse the trial court's order insofar as it relates to Thomas's U.S. savings bonds. We accordingly modify the order to order Thomas to turn over the designated amounts/values to Leah's heirs or devisees as identified by the

administratrix. In all other respects, we affirm the order. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Thomas and decedent Leah Rita Tillotson were married in 1980. Leah died intestate on August 31, 2017. Kristi Sherrill Hoyl, one of Leah's daughters from a previous marriage, was appointed administratrix of Leah's estate.

Hoyl filed an initial and amended inventory, appraisement, and list of claims with the trial court. Thomas objected to the amended inventory, appraisement, and list of claims. The trial court heard and overruled Thomas's objections. This Court decided Thomas's appeal of the trial court's order in a companion case, *In re Estate of Leah Rita Tillotson, Deceased*, No. 05-19-01192-CV, 2020 WL 7767937 (Tex. App.—Dallas Dec. 30, 2020, no pet. h.).

After the trial court overruled Thomas's objections, Hoyl filed a Second Application for Partition and Distribution of the Estate. Following a non-evidentiary hearing, the trial court signed an order (Turnover Order) from which Thomas now appeals.

## DISCUSSION

Thomas argues the trial court's Turnover Order erroneously orders Thomas to turn over to Hoyl sums representing Leah's one-half community property interest in Thomas's Rollover IRA, Roth IRA, U.S. savings bonds, and a Fidelity individual stock account. Thomas argues (1) as surviving spouse, only he alone may apply for

a partition of the community property, which he did not do; (2) as surviving spouse, he is entitled to retain possession and control of all community property that was legally under his management during the marriage; (3) all of the property he was ordered to turn over was his sole management community property; and (4) even assuming Hoyl had the right to apply for partition of Thomas's sole management community property, the Turnover Order does not comply with the Estates Code because it fails to address Thomas's right to statutory deductions.

## I.    Administratrix May Apply for Partition

The Estates Code permits a surviving spouse to apply in writing for a partition of the community property as follows:

> If a spouse dies leaving community property, the surviving spouse, at any time after letters testamentary or of administration have been granted and an inventory, appraisement, and list of claims of the estate have been returned or an affidavit in lieu of the inventory, appraisement, and list of claims has been filed, *may* apply in writing to the court that granted the letters for a partition of the community property.

TEX. EST. CODE ANN. § 360.253(a) (emphasis added).  Thomas argues this provision operates to the exclusion of the power granted to an administratrix and permits only a surviving spouse to apply for a partition and that because Hoyl, and not he as surviving spouse, made the application, the trial court erred by partitioning the community property.  Hoyl responds that section 360.253(a) merely provides legal authority to a surviving spouse who is not a personal representative of the estate or

–3–

an heir or devisee the opportunity to force the partition of the community estate when it has not been partitioned to that surviving spouse's satisfaction.

The Estates Code provides that at any time after the first anniversary of the date original letters testamentary or of administration are granted, an executor, administrator, heir, or devisee of a decedent's estate, by written application filed in the court in which the estate is pending, may request the partition and distribution of the estate. *See* EST. § 360.001(a). The Estates Code further provides that if an intestate deceased spouse is survived by a child, the deceased spouse's undivided one-half interest in the community estate passes to the deceased spouse's children. *See id.* § 201.003.

Thomas relies on a decision from a sister court of appeals, *Wassmer v. Hopper*, 463 S.W.3d 513 (Tex. App.—El Paso 2014, no pet.), to argue that he alone may apply for a partition. In *Wassmer*, the court held that under the predecessor to section 360.253, only a surviving spouse could apply for a partition of community property. *See id.* at 526–27. Hoyl distinguishes *Wassmer* by noting the community property at issue in that matter was the constitutional homestead and urging that the surviving spouse's one-half interest was therefore not properly part of the deceased spouse's estate at all, but was subject to administration. *See* TEX. CONST. art. XVI, § 52. We agree.

As relevant here, the *Wassamer* court confronted two questions concerning the status of her right of possession to certain real property pursuant to the

constitutional homestead provisions protecting a surviving spouse from the prospect of homelessness—a concept formerly recognized at common law as the "widow's right of dower."[1] First, the court considered whether the widow's interest was subject to disposition by the administrator. In keeping with the "warning" with which it began its opinion—that the decedent's and community estates are "not the same thing," *Wassmer*, 463 S.W.3d at 517—the court answered that it could not be. Next, the court confronted the more vexing question of whether the widow's interest in the balance of the decedent's estate should be offset to reflect the value of her retained homestead right. It is in connection with this question that the court observed that only the surviving spouse could request a partition of the balance of the community estate from that life estate. Finding no authority to support the notion that, absent that effort by the widow, any value could or should be ascribed to the indefinite life estate she held, the court answered "no." Given that the interest allegedly subject to partition in *Wassamer* was one jointly held by the estate and the surviving spouse and was constitutionally prohibited from diminution by the estate or anyone else, it comes as little surprise that the court would find only the surviving spouse to be authorized to request it. That posture, of course, is not implicated here, and *Wassamer* does not purport speak to whether section 360.253(a), in giving the spouse a discretionary right generally to seek partition as to all community property,

---

[1] *See, e.g.*, George L. Haskins, *The Development of Common Law Dower*, 62 HARV. L. REV. 42 (1948).

would foreclose an administrator requesting such relief as part of the administration where doing so would not interfere with the widow's separate interest.

Thomas does not cite, and we have not found, any controlling authority to support his interpretation. Accordingly, we conclude Hoyl in her capacity as administratrix could request partition of the community property and that the trial court did not err by granting Hoyl's request to partition community property.

## II. Sole Management Community Property

Thomas argues that as surviving spouse, he is entitled to retain possession and control of all community property that was legally under his management during the marriage. He further argues that all of the property he was ordered to turn over was his sole management community property.

In the previously noted companion case, Thomas raised objections to the first three items but not to the Fidelity individual stock account. In our earlier opinion, we concluded that the trial court abused its discretion in approving Hoyl's inventory to include Thomas's U.S. savings bonds among the estate's share of community property and reversed the trial court's order approving the inventory as to that issue and affirmed the portions of the order including Thomas's Rollover IRA and Roth IRA as community property. *See In re Estate of Leah Rita Tillotson, Deceased*, 2020 WL 7767937, at *9. Thus, we reverse the Turnover Order as to Thomas's U.S. savings bonds and now address his arguments regarding his Rollover IRA and Roth IRA, as well as his Fidelity individual stock account.

The Estates Code provides that the surviving spouse is entitled to retain possession and control of the community property that was legally under the sole management of the surviving spouse during the marriage and exercise over that property any power authorized by the Estates Code if there is no administration pending on the deceased spouse's estate. *See* EST. § 453.009(b). Hoyl does not dispute the Rollover IRA, Roth IRA, and Fidelity individual stock account are Thomas's sole management community property. Instead, she argues section 453.009 applies only when there is no administration pending. Reading the plain text of the statute, we agree with Hoyl. Moreover, we note section 453.001 provides chapter 453 does not prohibit the administration of community property under other sections of the Estates Code. *See id.* § 453.001. Accordingly, we conclude the trial court did not err in ordering Thomas to turn over amounts related to the Rollover IRA, Roth IRA, and Fidelity individual stock account.

## III. Compliance with Section 453.007 of the Estates Code

Finally, Thomas argues, even if assuming Hoyl had the right to apply for partition of Thomas's sole management community property, the Turnover Order does not comply with the Estates Code because it fails to address Thomas's right to statutory deductions.

The Estates Code provides:

> On final partition of the community estate, the surviving spouse shall deliver to the deceased spouse's heirs or devisees their interest in the estate, and the increase in and profits of the interest, after deducting from the interest:

(1) the proportion of the community debts chargeable to the interest;

(2) unavoidable losses;

(3) necessary and reasonable expenses; and

(4) a reasonable commission for the management of the interest.

EST. § 453.007.

The Turnover Order awards to Hoyl as Administratrix amounts relating to the Rollover IRA, Roth IRA, and Fidelity individual stock account "subject to the contingent estimated tax deposits, through sale, distribution of the accounts or whatever other means necessary . . . ." Thomas does not specify what debts or losses or expenses or commission was not properly deducted, but his reply brief points to his arguments to the trial court citing section 453.007 for the argument that "any decree of partition and distribution that is entered by the Court must specify that the assets are to be distributed to the decedent Leah Tillotson's heirs according to their respective shares of the estate, rather than to Administratrix." We agree with this complaint and modify the Turnover Order to order Thomas to turn over the designated amounts/values to Leah's heirs or devisees as identified by Hoyl as Administratrix. *See* TEX. R. APP. P. 43.2(b); *see, e.g.*, *Shamoun v. Shough*, 377 S.W.3d 63, 78 (Tex. App.—Dallas 2012, pet. denied).

## CONCLUSION

We reverse the Turnover Order as to Thomas's U.S. savings bonds. We modify the Turnover Order to order Thomas to turn over the designated

amounts/values to Leah's heirs or devisees as identified by Hoyl as Administratrix.

In all other respects, we affirm the Turnover Order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200258F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE ESTATE OF LEAH RITA
TILLOTSON, DECEASED,

No. 05-20-00258-CV

On Appeal from the County Court at
Law No. 2, Hunt County, Texas
Trial Court Cause No. 18359.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the Order on Respondent's First Amended Objections to Administratrix's Amended Inventory, Appraisement and List of Claims, signed on August 29, 2019, of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** that portion of the trial court's order as to Thomas Tillotson's U.S. savings bonds. We **MODIFY** the trial court's order to order Thomas Tillotson to turn over the designated amounts/values to Leah Rita Tillotson's heirs or devisees as identified by Kristi Sherrill Hoyl as Administratrix. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 18th day of March, 2021.